UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUDEMARIO JOSAPHAT, JR.,<br><br>Defendant | Criminal No. 21cr10044<br><br>Violations:<br><br>Count One: Conspiracy to Commit Bank Fraud<br>(18 U.S.C. § 1349)<br><br>Count Two: Aggravated Identity Theft; Aiding and Abetting<br>(18 U.S.C. §§ 1028A(a)(1) and 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. Defendant JUDEMARIO JOSAPHAT, JR. was a resident of Massachusetts.

2. Santander Bank, N.A. ("Santander Bank") was a financial institution with offices located throughout the United States, including in the District of Massachusetts, the accounts of which were insured by the Federal Deposit Insurance Corporation.

3. CW-1 worked as a teller at a Santander Bank branch in Weymouth, Massachusetts (the "Weymouth Branch").

4. Victims 1 and 2 were customers of Santander Bank.

5. Coconspirators 1, 2, and 3 ("CC-1" through "CC-3") were individuals whose identities are, variously, known and unknown to the Grand Jury, who participated in the fraud scheme as set forth herein.

### Overview of the Conspiracy

6. From in or about December 2017 through in or about February 2018, JOSAPHAT conspired with CW-1, CC-1, CC-2, CC-3, and others known and unknown to the Grand Jury to withdraw money fraudulently from the accounts of Santander Bank customers.

### Object and Purpose of the Conspiracy

7. The object of the conspiracy was to commit bank fraud by employing false and fraudulent pretenses and representations to obtain money and property under the custody and control of Santander Bank. The purpose of the conspiracy was to enrich JOSAPHAT and his coconspirators personally.

### Manner and Means of the Conspiracy

8. Among the manner and means by which JOSAPHAT and coconspirators known and unknown to the Grand Jury carried out the conspiracy were the following:

   a. Using fraudulent identification documents to withdraw money from the accounts of Santander Bank customers; and

   b. Withdrawing money from the accounts in the form of official bank checks and cash.

### Acts in Furtherance of the Conspiracy

9. From in or about December 2017 through in or about February 2018, JOSAPHAT and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

10. In or about December 2017, CC-1 recruited CW-1 to facilitate fraudulent withdrawals from Santander Bank. CC-1 then introduced CW-1 to JOSAPHAT, who communicated with CW-1 about when and how the fraudulent transactions would take place.

11. On or about December 30, 2017, CC-2 entered the Weymouth Branch, approached CW-1, falsely identified himself as Victim 1, and presented CW-1 with a fraudulent driver's license in Victim 1's name that bore CC-2's photograph.

12. CC-2 requested that $359,000 be withdrawn from Victim 1's home equity line of credit accounts ending in 1057 and 8717. Specifically, CC-2 requested two official Santander Bank checks—one for $230,000 and a second for $120,000—and $9,000 in cash.

13. CW-1 facilitated the requested transactions knowing that CC-2 was not, in fact, Victim 1, and that by doing so she was defrauding Victim 1 and Santander Bank.

14. On or about January 13, 2018, CC-3 entered the Weymouth Branch, approached CW-1, falsely identified himself as Victim 2, and presented CW-1 with a fraudulent driver's license in Victim 2's name that bore CC-3's photograph.

15. CC-3 requested that $456,325 be withdrawn from Victim 2's home equity line of credit account ending in 4111. Specifically, CC-3 requested two official Santander Bank checks—one for $280,000 and a second for $167,325—and $9,000 in cash.

16. CW-1 facilitated the requested transactions knowing that CC-3 was not, in fact, Victim 2, and that by doing so she was defrauding Victim 2 and Santander Bank.

17. JOSAPHAT paid CC-1 approximately $5,000 for recruiting CW-1 to participate in the scheme.

18. After CW-1 facilitated the fraudulent transactions described above, CC-1 gave CW-1 approximately $2,000 as partial payment for her role in the scheme.

19. On or about February 9, 2018, JOSAPHAT told CW-1 that he had somebody coming from New York to conduct additional transactions at the Weymouth Branch the next day.

## COUNT ONE
## Conspiracy to Commit Bank Fraud
## (18 U.S.C. § 1349)

The Grand Jury charges:

20. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 19 of this Indictment.

21. From in or about December 2017 through in or about February 2018, in the District of Massachusetts and elsewhere, the defendant,

### JUDEMARIO JOSAPHAT, JR.,

conspired with others known and unknown to the Grand Jury to commit bank fraud, that is, to knowingly execute, and attempt to execute, a scheme and artifice to defraud a federally insured financial institution, that is Santander Bank, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of Santander Bank, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### Aggravated Identity Theft; Aiding and Abetting
(18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

22. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 19 of this Indictment.

23. On or about December 30, 2017, in the District of Massachusetts, and elsewhere, the defendant,

### JUDEMARIO JOSAPHAT, JR.,

did aid and abet the knowing transfer, possession, and use of, without lawful authority, a means of identification of another person, that is the name of Victim 1, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, bank fraud, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(2)(A))

The Grand Jury alleges that:

24. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, set forth in Count One of this Indictment, the defendant,

JUDEMARIO JOSAPHAT, JR.,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, a sum of money equal to the total amount of money involved in the offense, which may be entered in the form of a money judgment.

25. If any of the property described in Paragraph 24 above as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 24 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL

_____
FOREPERSON

_____
LESLIE A. WRIGHT
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: February 4, 2021
Returned into the District Court by the Grand Jurors and filed.

_____
HON. MARIANNE B. BOWLER
United States Magistrate Judge

/s/ Harold Putnam  2/4/2021; 2:38 p.m.
_____
DEPUTY CLERK