UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 21-10044-DJC

UNITED STATES OF AMERICA

v.

JUDEMARIO JOSAPHAT, JR.

July 1, 2021

Boal, M.J.

By a May 28, 2021, petition, Defendant Judemario Josaphat, Jr. is charged with violating his conditions of pretrial release. For the reasons detailed below, I revoke Josaphat's pretrial release and order him detained.

I. FACTUAL AND PROCEDURAL BACKGROUND

Josaphat is charged in an indictment with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (2). An initial appearance was held on September 9, 2020, at which time Josaphat was released on conditions. Docket Nos. 13, 14.

On May 28, 2021, I endorsed the subject petition, alleging that Josaphat had violated his conditions of pretrial release. Docket No. 45. Specifically, the petition alleges that Josaphat violated the condition that he not violate federal, state, or local law while on release. The petition is based on Josaphat's actions that led to his May 27, 2021, arrest by the Massachusetts State Police. The petition alleges that, in the course of a routine traffic stop, the arresting officer located suspicious amounts of pills and credit cards, and that Josaphat resisted arrest. Josaphat has been charged in state court with, inter alia, resisting arrest, interfering with an officer, disorderly conduct, and felony state drug offenses.

This Court held a hearing on June 28, 2021. The government called Massachusetts State Police Trooper David Teixeira, who conducted the traffic stop at issue and arrested Josaphat. The government also submitted the arrest report into evidence.

II. ANALYSIS

Pursuant to 18 U.S.C. § 3148(a), a person who has violated a condition of his pretrial release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148(a). The court shall enter an order of revocation and detention if, after a hearing, the court finds that (1) there is "probable cause to believe that a person has committed a Federal, State or local crime while on release" or "clear and convincing evidence that the person has violated any . . . condition of release;" and (2) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). If there is probable cause to believe that a defendant committed a federal, state, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. Id.

The government presented the following evidence: on May 27, 2021, Trooper Teixeira pulled over Josaphat because the rear plate lights of the Mercedes-Benz he was driving were not illuminated. Upon noticing a number of details he perceived to be suspicious, including multiple credit cards, a plastic bag, and multiple cell phones, Teixeira searched the vehicle.[1] While

---

[1] Defense counsel challenged whether Teixeira had probable cause to conduct the search at various points of his interaction with Josaphat. At an initial probable cause hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired." See, e.g., Fed. R. Crim. P. 5.1(e). It makes sense that a similar standard should be applied to a probable cause determination under 18 U.S.C. § 3148. In addition, 18 U.S.C. § 3142, which governs

searching the trunk, Teixeira discovered a bag containing "thousands" of pills. At that point, Josaphat attempted to halt the search and close the car's trunk. A physical altercation between Josaphat and Teixeira ensued, during which Josaphat removed Teixeira's police radio from his shoulder. After regaining control of the situation, Teixeira placed Josaphat under arrest.

On the basis of the evidence presented at the hearing, I find there is probable cause to believe that Josaphat committed a federal or state felony while on pretrial release. Josaphat argues that there is no probable cause for the commission of a drug offense because Teixeira did not field-test the suspected pills, and the results of any chemical analysis of the pills has not concluded. He also argued that it is unclear which type of drug offense he is alleged to have committed.

Probable cause is "a flexible, common-sense standard." Texas v. Brown, 460 U.S. 743, 742 (1983).

> It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949).

Id.

With these considerations in mind, I find there is probable cause that Josaphat committed a felony drug offense. The large quantity of pills alone suggests that they are illicit. See United

---

release pending trial in the first instance, provides that "[t]he rules concerning admissibility of evidence in criminal trials do not apply" at a detention hearing. 18 U.S.C. § 3142(f)(2). Section 3148 specifically refers to the factors and procedural guidelines in Section 3142. 18 U.S.C. § 3148(b); see also United States v. Castro-Font, 778 F. Supp. 2d 201, 204 (D.P.R. 2011). In light of these two considerations, I do not find it necessary to resolve the challenges to the search in order to make a determination on probable cause in this context.

States v. Ayala-Garcia, 574 F.3d 5, 13 (1st Cir. 2009). Though Josaphat argues that the pill were never tested,

> proof based upon scientific analysis or expert testimony is not required to prove the illicit nature of a substance. Identification of a substance as a drug may be based upon the opinion of a knowledgeable lay person.

United States v. Valencia-Lucena, 925 F.2d 506, 512 (1st Cir. 1991). Teixeira's testimony, as corroborated by the report, that he recovered a large number of pills and that they appeared to be an illicit substance together with other indicia of drug trafficking observed by Teixeira is sufficient to establish probable cause that Josaphat committed a felony drug offense.

Moreover, the evidence established probable cause that Josaphat resisted arrest, interfered with a police officer, and assaulted a police officer. Though Josaphat argued that Teixeira lacked credibility when testifying about their physical struggle, this Court does not agree, and finds that Teixeira gave credible testimony at the hearing in this case.

For all of these reasons, this Court finds that there is probable cause to believe that Josaphat committed a federal or state felony while on release.

With respect to the second prong, the determination as to whether there is no condition or combination of conditions of release that will assure that Josaphat will not flee or pose a danger to the community is based on a preponderance of the evidence standard. United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986). My finding of probable cause that Josaphat committed a felony offense while on pretrial release gives rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure that he will not pose a danger to any other person or the community. 18 U.S.C. § 3148(b). To rebut the presumption, Josaphat proposed that he be released on the added conditions of home confinement with a GPS monitoring device.

4

The defendant has demonstrated an inability to comply with an important condition of release. Indeed, he violated the most fundamental condition of release that he not commit additional crimes while on release. There is probable cause to believe that Josaphat committed new crimes even while ordered not to do so. It is therefore likely to happen again. Moreover, the details of Josaphat's violations reveal that he poses a danger to the community. Josaphat is accused of dealing drugs, a crime which endangers the health of the community. Josaphat is also accused of assaulting a law enforcement officer. Accordingly, in light of the dangerous nature of Josaphat's violations, even with the additional proposed conditions, this Court finds that he is unlikely to abide by any condition or combination of conditions of release and revokes his pretrial release.

Accordingly, pursuant to 18 U.S.C. § 3148(b)(2)(B), I find by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the safety of the community and that he is unlikely to abide by any condition or combination of conditions of release, and revoke his pretrial release.

III. ORDER

Accordingly, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This order is without prejudice to the defendant filing a motion at any time seeking a full detention hearing and the setting of conditions of release, regardless of whether there have been changed circumstances. The defendant may seek review of this order by filing a motion for revocation or amendment pursuant to 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge