UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-10044-DJC |
| | ) | |
| JUDEMARIO JOSAPHAT, JR., | ) | |
| | ) | |
| Defendant | ) | |

JOINT INTERIM STATUS REPORT

Pursuant to Local Rule 116.5(b), counsel for the United States and the defendant hereby submit the following interim status report and respectfully request that the Court set a further interim status conference.

LR 116.5(b)(1)-(3) Status of Discovery

The government produced automatic discovery to prior defense counsel on March 18, 2021. Undersigned defense counsel filed a notice of appearance on March 23, 2021, and the government provided her with a copy of the automatic discovery materials shortly thereafter.

Defense counsel made discovery requests on July 7, 2021, to which the government will respond as promptly as possible.

LR 116.5(b)(4) Protective Orders

The Court entered a protective order on March 16, 2021 (D.E. 38).

LR 116.5(b)(5) Pretrial Motions

Defense counsel requires additional time to review any discovery provided in response to the July 7, 2021 requests, and to then consult with the defendant before deciding whether to file

any pretrial motions under Fed. R. Crim. P. 12(b). In addition, defense counsel requires time to consult with the defendant regarding the implications of his recent change in custodial status.

### LR 116.5(b)(6) Expert Witness Disclosures

At this time, neither the government nor the defendant anticipates calling any expert witnesses. The government will provide any expert discovery required by Fed. R. Crim. P. 16(a)(1)(E) no later than 45 days before trial. Defense counsel will provide reciprocal discovery of any defense experts at least 30 days before trial.

### LR 116.5(b)(7) Defenses of Insanity, Public Authority, or Alibi

The defendant does not intend to raise a defense of insanity, public authority, or alibi.

### LR 116.5(b)(8) Periods of Excludable Delay

The Court entered an order excluding the time from the defendant's indictment on February 4, 2021 through the initial status conference, which was originally set for April 1, 2021 (D.E. 35). After granting the defendant's assented-to motion to continue the initial status conference and rescheduling it for May 18, 2021, the Court entered an order excluding the time from April 1, 2021 to May 18, 2021 (D.E. 42). The Court then entered an order excluding the time from May 18, 2021 through July 15, 2021 (the date set for the interim status conference) (D.E. 49). The parties agree that the time from July 15, 2021 until the date set for the further interim status conference should be excluded in the interests of justice. 18 U.S.C. § 3161(h)(7)(A).

### LR 116.5(b)(9) Status of Any Plea Discussions and Likelihood/Estimated Length of Trial

The parties are not currently engaged in plea discussions. At this time, the defendant intends to proceed to trial. The government estimates that its case in chief will require approximately one week.

<u>LR 116.5(b)(10) Interim/Final Status Conference</u>

The parties respectfully request that the Court set a further interim status conference.

Respectfully submitted,

| | |
|---|---|
| JUDEMARIO JOSAPHAT, JR.<br>By his attorney, | NATHANIEL R. MENDELL<br>Acting United States Attorney |
| <u>*/s/ Megan E. Stanley*</u><br>MEGAN E. STANLEY | By:  <u>*/s/ Leslie A. Wright*</u><br>LESLIE A. WRIGHT<br>Assistant United States Attorney |

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

Dated:  July 8, 2021                            By:  <u>*/s/ Leslie A. Wright*</u>
                                                                             LESLIE A. WRIGHT
                                                                       Assistant United States Attorney