**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
                          )
UNITED STATES OF AMERICA  )
                          )
v.                        )          CRIMINAL ACTION
                          )          NO.: 21-cr-10044-DJC
JUDEMARIO JOSAPHAT        )
                          )
```

<u>SENTENCING MEMORANDUM OF DEFENDANT JUDEMARIO JOSAPHAT</u>

1. <u>**RECOMMENDATION**</u>:

Defendant Judemario Josaphat pled guilty to the two-count Indictment charging (Count 1) conspiracy to commit bank fraud and (Count 2) aiding and abetting aggravated identity theft. The Defendant hereby submits the following sentencing recommendations for the conduct included in both Count 1 and Count 2:

- **1.A**: FIVE (5) YEARS SUPERVISED PROBATION; or

- **1.B**: TIME SERVED (469 Days) followed by THREE (3) YEARS SUPERVISED RELEASE; or

- **1.C**: TWO YEARS IN CUSTODY with incarceration period of 15 months, DEEMED SERVED (469 Days) followed by the remaining 9 months to be served as Home Confinement monitored by GPS followed by THREE YEARS SUPERVISED RELEASE; or finally, if the Court is not inclined to impose one of the above

1

options, or some sentence that serves the intended purpose of release, then the Defendant suggests and recommends the following:

- **1.D:** 24 MONTHS INCARCERATION in Prison with credit for 469 days followed by THREE (3) YEARS SUPERVISED RELEASE with a recommendation that the Defendant be released as soon as possible with good time and early release programs.

In support of the Defendant's recommendations, the Defendant submits the following memorandum in addition to the information provided to this Honorable Court by the Probation Department and US Attorney's Office.

2. <u>**INTRODUCTION**</u>:

Defendant Josaphat took responsibility for his conduct and resolved this case by way of his guilty plea.  Mr. Josaphat pled guilty to both counts of the Indictment on January 20, 2022 and the matter was continued for sentencing a few times to allow the Defendant to litigate the pending matter in Norfolk Superior Court.  The sentencing hearing is set for September 12, 2022.

The Indictment alleges that Mr. Josaphat committed certain acts and participated in a bank fraud scheme with individuals charged in connection with this case.  The Government provided

an outline of the other parties involved in this case as well as the sentences received by the other individuals to date.

Between December 2017 and January 2018 the individuals participated in various ways in a bank fraud scheme that involved withdrawing funds, in the form of cash and checks from customers' bank accounts using fraudulent identification documents, and involved negotiating fraudulently obtained checks through accounts opened at other banks in the name of various business entities.  Mr. Josaphat was involved in this conspiracy and his conduct helped further the conspiracy.  The Government seeks an order of restitution for Mr. Josaphat, jointly and severally with the other co-conspirators, to pay Santander Bank the amount of $357,333.01.


3.  **PURPOSE**:

The purpose of this memorandum is to supplement any reports and/or materials provided to this Honorable Court by the Probation Department of the Federal Court and the United States Attorney's Office, and to attempt to further highlight some of the factors which counsel for the Defendant feels are important for this Honorable Court to consider in deciding upon a review of the sentence to be imposed for Mr. Josaphat.  Its purpose is also to make a further recommendation with explanations of the

sentencing theory behind the recommendations and the factors which support the Defendant's recommendations.

3. **PERSONAL HISTORY**:

  A.  *Background & Family*:

  Judemario Josaphat has a strong family support system, and he is supported by his parents, siblings, extended family, and family friends alike.  They stand behind him and are ready to make sure that Mr. Josaphat has a smooth and healthy transition out of custody and bank into society.

  Mr. Josaphat was born October 2, 1995 in Boston, MA and he as lived here in the Greater Boston area his entire life.  He grew up in public housing, after his parents immigrated from Haiti to start a new life here for their children.  It was not a great area to grow up in terms of influence, surroundings, and peer pressure.  It was a bad environment, but the Defendant stayed away from the temptation and criminal conduct for his youth.  As a result, Mr. Josaphat has a minimal criminal record, and did not get involved in this criminal conduct until he reached young adulthood.

**B.    *Employment History*:**

Mr. Josaphat focused on school, studies, and his education throughout high school and his young adulthood until 2018. He was supported primarily by his parents throughout his education. In 2018, Mr. Josaphat became a part owner of Split Town Studio in Medford, MA. He owned 17.5% of the business and worked to develop the music studio for several years until selling his interest in December 2020. He learned a lot about the music industry and music production during those years and developed a sincere passion and love for this field. Upon his release, Mr. Josaphat wants to return to school to finish his next degree and open his own music business to continue this career.

**C.    *Education History*:**

Mr. Josaphat graduated high school in 2013 from Pope John XXIII High in Everett, MA. High school was not easy for Mr. Josaphat as the various topics of a traditional education did not always come to him easily and he was not always interested. He suffered from learning difficulties, trouble focusing, and trouble completing regular assignments. He stayed with it, and ultimately graduated and went on to complete his undergrad degree in 2017. He graduated from Merrimack College in sports

management and marketing.  He has a desire to go back to finish his master's degree now that he has a passion for a career, and he has the desire to earn the degree as his younger brother has recently done.  Mr. Josaphat is determined to succeed and earn this degree.  His younger brother recently graduated while Mr. Josaphat was in custody, and this was quite hard for him to see and reflect on.  It was not the life he pictured, and it is not the life that he wants to continue or define him.  Mr. Josaphat is eager to return to society to go back to school, earn his masters, and support himself with a career in music that he loves.

**D.   *Court & Probation History*:**

Mr. Josaphat has no criminal convictions, and his total criminal history is zero.  He has the pending Norfolk Superior Court matter, but the Trafficking charge stemming from the search of his trunk was just dismissed.  The Norfolk District Attorney's Office recently filed a Nolle Pros and that Indictment was dismissed.  The Defendant is still litigating the final charge of assault & battery of a police officer stemming from the arrest of Mr. Josaphat where it is alleged that he grabbed the arm of the State Trooper without injury as he tried to search the trunk of his car.  The Defendant was arrested, and

this case has been pending since May 2021.  This matter caused the Defendant to be detained in Federal custody, and he has been held at Wyatt Detention since posting bail on the state case. Mr. Josaphat has been in custody since June 1, 2021.  This is the first time in jail for Mr. Josaphat, and this Federal Indictment is the first conviction for Mr. Josaphat.  He has been held for over 15 months, specifically 459 days, as of September 12, 2022.

**E.    *Incarceration History*:**

Mr. Josaphat has been held in custody since June 1, 2021, and he has used his time wisely.  He has participated in the programming offered as much as possible to better himself while detained at Wyatt.  He has been as active as possible and earned Certificates of Completion for at least the following programs:

- Therapeutic Drumming Collaborative

- Self Help: Being Assertive

- COVID19 Anxiety

- Healthy Relationships

- Personal Boundaries

- Powerful Choices & Consequences

- Violence Reduction

- Anger Management

- Criminal Thinking

- Decision Making

- Life Skills

- Mental Health Awareness

- Reduction in Impulsivity

- Self-Awareness

- Self-Awareness & Mental Health Issues

- Stigmas: a Mental Health World

- Living with Others

- Rational Thinking

- Victim Impact

Mr. Josaphat completed 15 other program, but the mental health coordinator did not give him the Certificates of Completion for these programs before she left the facility so he does not have the accurate names of these additional programs.

5.   <u>OTHER SENTENCING CONSIDERATIONS</u>:

A. *THE DEFENDANT IS NOT THE MAIN LEADER OR TARGET OF THIS INVESTIGATION.*

Mr. Josaphat was not the mastermind behind this scheme and conspiracy. The Government submits that the most relevant cases for sentencing are Long and Amos, with whom Mr. Josaphat conspired directly, and Iloba who played a more central role in the scheme. Iloba was the primary target of the Government's investigation and played a central role in the scheme. Iloba recruited others to participate and join this fraud. Iloba orchestrated both the front-end withdrawals from the customers bank accounts and the laundering of the money through other bank accounts in the names of various business entities. Iloba has a higher guideline for sentencing than Mr. Josaphat at 23 and the Government sought 70 months. He was ultimately sentenced to 33 months in prison. The Government claims that Mr. Josaphat should get a higher sentence than Iloba, but that is unfair and unwarranted in this case. The Government suggests that since Iloba had no issues while on pretrial release, he deserves less time. Mr. Josaphat was merely accused of two crimes, and he is presumed innocent. The District Attorney recently dismissed the major charge on August 30, 2022, and remaining charge is not a conviction. As indicated, he has a criminal history of zero

points.   Compared to the main target, Iloba, Mr. Josaphat played a much smaller and less significant role in this case.   He was not the mastermind and did not orchestrate the fraud as done by Iloba.   Instead, he did not force anyone to do anything.   He furthered the conspiracy by requesting the bank teller to help.

The Government claims that Mr. Josaphat is more culpable than his co-conspirator Long and since Long pled sooner, that person somehow deserves far less time.   Mr. Josaphat simply needed more time to litigate the pending matter and needed to hire a new attorney for a second opinion.   The Defendant did not waste time with motions or litigation in this matter, but simply needed time to review the matter with successor counsel.   Once able to, the Defendant promptly pled to the Indictment with successor counsel's assistance.   Long received 9 months of incarceration.

The Government concedes that co-conspirator Amos played a much more crucial role in this case as a bank teller in facilitating the fraudulent withdrawals and had a recommendation of 51 months.   Amos ultimately received a sentence of time served.

B. ***THE DEFENDANT IS NOT A DANGEROUS PERSON.***

There is no violent or dangerous conduct on the Defendant's record or in his past.   Despite his struggles in High School and

learning difficulties, he never quit, and he never acted out with frustration, aggression, or physical violence.   Mr. Josaphat has not violent history, no propensity for violence, he has never acted out in a violent manner.   He has never acted in a dangerous way towards others.   He has absolutely no propensity for violence, and he was not originally detained in connection with this case.   Instead, he was released on pretrial supervised conditions of release and was not held in custody until charged in Norfolk Superior Court.   As discussed, the main charge has been dismissed, and the remaining charge of assault & battery on a police officer stems from an allegation that he grabbed the Trooper's arm while starting to search the trunk.   The Trooper was not hurt, and Mr. Josaphat was arrested.   He was not charged with resisting arrest, and Mr. Josaphat has not been convicted on this allegation for the alleged offensive touching.


6.   **SENTENCING GUIDELINES CONSIDERATIONS**:

Mr. Josaphat has no other criminal convictions and no prior criminal history respect to the sentencing guidelines grid.   The Government and PSR suggest the total level is 21 for Count 1 with a base offense level of only 7.   There is an increase of 14 points for the claimed loss attributable to his conduct, plus 3 points for the claim that he had a role as a manager /

supervisor in the offense, and less 3 points for taking
responsibility. The Defense suggests there is insufficient
information to support his role as a manager / supervisor. The
calls to the bank teller do not rise to this level, and the
Defendant suggests that the points should be 18 instead. With
that said, the Defendant suggests that a sentence below the
guidelines is appropriate for the conduct in this case, the
Defendant's lack of criminal history, his pretrial detention,
and the bright future of Mr. Josaphat.

7.   **SENTENCE RECOMMENDATION**:

At offense level 21, the Sentence Guidelines suggest 37-46
months in prison. At offense level 18 as recommended by the
Defendant, the Sentence Guidelines suggest 27-33 months. As for
Count 2, the guideline sentence is 24 months, to run consecutive
to any term of imprisonment imposed for Count 1.

Because of the factors outlined above, the Defendant urges
the Court to impose a sentence below the guidelines, a downward
departure from the guidelines, for a period of 5 years of
probation supervised by the Probation Department or any period
of probation as deemed appropriate by this Honorable Court.
While the guidelines still suggest more time in prison, that is
not necessary or appropriate in this case.

Due to Mr. Josaphat's employment history, education history, lack of criminal history, family support, credit for 15 months in jail, and the programming he availed himself of, the Defendant suggests that a period of incarceration of 55 months requested by the Government is excessive, overly punitive, well above what others related to this case received, not rationally related to this conduct, is not necessary to properly punish the Defendant, and does not best serve the interests of justice. The Defendant suggests 5 years of probation is better suited to deter the Defendant, punish the Defendant, and best serve the interests of justice. The restitution is appropriate as and order jointly and severally, and the Defendant should be out of custody as soon as possible to get back to work, get back to school, build a career, and earn an ability to pay off the balance due as soon as possible.

8.   **ALTERNATIVE SENTENCE RECOMMENDATION**:

If this Honorable Court will not adopt the recommendation for 5 years of probation, then the Defendant hereby requests and suggests 15 months incarceration as this is his first time in jail. This is his first conviction and he has served over 15 months since detained June 1, 2021. The Defendant suggests that a downward departure from the guidelines is appropriate and requests 15 months in jail or 469 days incarceration deemed

served, time served, for the reasons stated herein and stated on the record at the sentencing hearing.

In the alternative, the Defendant suggests that a period of two years without freedom is appropriate to include the 15 months served in custody and the remaining 9 months on home confinement with GPS monitoring.  This will best serve the interests of justice compared to the 55 months suggested by the Government.

9.   **SENTENCING THEORY**:

There are numerous theories, or factors, which underlie the imposition of any sentence.  Among them are punishment, specific deterrence, general deterrence, protection of society, rehabilitation, and restitution.  Counsel for the Defendant urges this Court to adopt "the least drastic alternative" approach, which embodies a combination of all these theories or factors, and thereby serves the best interests of society. Justice is best served by allowing the Defendant to return to society on conditions of release to continue to progress his career and ability to pay restitution with Court Supervision.

The Defendant has shown that he is a good candidate for probation and has shown that he excels with the proper oversight

as reflected in the programming he has completed over the last
15 months together with his lack of criminal history.


10.  **RATIONALE FOR SENTENCE RECOMMENDATION**:

    **A.   Punishment.**

Under the present circumstances, the Defendant, Mr.
Josaphat will be adequately punished as a result of the
recommended period of incarceration and probation with strict
terms of supervised release.  Counsel for the Defendant urges
that to punish Mr. Josaphat by an additional period of
incarceration over two years would give the sentencing process
an overly punitive and retributive nature, and would operate to
the detriment of the other legitimate factors which should be
considered, and in particular the mitigating factors of Mr.
Josaphat's efforts to better himself, efforts at rehabilitation,
and his bright future if given the opportunity to continue to
grow on the path started since this conduct that dates back to
2017.  Since that time, he has learned a new career passion,
continued with school, and used his time behind bars the best he
could.


    **B.   Deterrence.**

The Defendant asserts that his present circumstances,
combined with all of the factors mentioned above serve as

adequate specific deterrence, i.e., they deter this Defendant from committing this crime, or any crime, in the future. In light of the Defendant's age, and the probationary supervision recommended, counsel for the defendant suggests that the Defendant is dissuaded from further similar criminal activity. He is truly someone that has been scared straight and educated now in such a way that opened his eyes to the consequences that follow his conduct, his decisions, his mistakes, and understands what he did wrong and understands how to avoid the series of choices, like those that led to this case, in the future. He has had 15 life changing months to understand that he never wants to end up in this position again.

The recommended sentence, if adopted, would also adequately serve the purposes of general deterrence, and the Defendant urges the Court to so conclude. To impose a more severe sentence of incarceration, under these circumstances, would not serve, *per se*, to further deter similar conduct by members of society in the future.

### C.   Rehabilitation.

As is evident from Mr. Josaphat's efforts in jail at confronting and dealing with his history and his dedication to programming, he has demonstrated a desire to deal with the past and has taken significant steps toward rehabilitation. Adopting

the sentence recommendation of the Defendant would serve the interests of society in the rehabilitation of the Defendant. The Defendant urges the Court to consider that imposition of a period of additional incarceration, beyond the 15 months served would only serve to set back the Defendant's rehabilitative efforts, and would, in fact, be to the detriment of society's long-term interests. Mr. Josaphat has a strong support system with family and friends eagerly waiting for him to succeed and to encourage him along the way. Longer incarceration will keep him away from employment, his education, his support system, and further away from paying restitution, which is not necessary here. Time Served having completed 15 months and/or 5 years of supervision is sufficiently long to address all interests in this matter and to help make sure Mr. Josaphat never makes choices like this again, and will make sure he remains employed, pays back his debt, earns his degree, and secures a position in a career that he is dedicated and committed to work in for years to come to support himself legally through retirement.

Restitution is a large consideration in this case, and the interests of society and the victims of this case are best served by placing Mr. Josaphat on Supervised Release as soon as possible with conditions designed to benefit society that best

give him the ability to pay the significant restitution from this case, namely:

- Probation Supervised for 3-5 years

- Seek and Earn his Master's Degree

- Seek and Maintain Continued Education

- Seek and Maintain Employment

- Check in with Probation

- GPS monitoring

- Period of Home Confinement (except for Education & Employment)

- Restitution (jointly and severally)

- Stay away from co-conspirators involved in this case

- Any Fines and Fees

- Any other terms of release this Honorable Court deems fit


Judemario Josaphat is not a Defendant that will benefit from additional incarceration – 15 months deemed served time served is sufficient. While he appreciates and understands that his conduct would normally result in additional years in prison should anything like this happen again, the totality of the circumstances in this case weigh against additional incarceration.

After a careful balancing of all interests and considerations, the benefits of his release on supervised

conditions through the probation department outweigh the need for and any benefits of additional incarceration beyond the 15 months served to date.    The sooner he can attempt to pay restitution, the better chance he has for success for years to come.    The interests of justice are best served by letting Mr. Josaphat return to society, return to earn his graduate degree, return to the workforce, return to his passion in music, and start paying restitution as soon possible.


**11.** **CONCLUSION**:


For all of the foregoing considerations, the Defendant, JUDEMARIO JOSAPHAT, respectfully urges this Court to adopt the sentence recommendation outlined herein.    Fifteen (15) months incarceration time served, deemed served, and/or 3-5 years of intensive supervised probation is appropriate in this case as the benefits greatly outweigh incarceration under these circumstances.

If this Honorable Court will not adopt the first few recommendations outlined herein, then the Defendant requests a downward departure from the guidelines and requests no more than 24 months incarceration followed by 3 years of supervised release.

In light of the information contained herein and all factors discussed on the record, the Defendant suggests that 15 months is sufficient followed by 3 years supervised release.

**Respectfully submitted,**
JUDEMARIO JOSAPHAT
The Defendant,
By his attorney,

*/s/ CLMALCOLM*
_____
Christopher L. Malcolm
266 Willowgate Rise
Holliston, MA 01746
clmalcolm@gmail.com
(617) 645-0089
Dated: ___9/2___, 2022          BBO No.: 684440

## CERTIFICATE OF SERVICE:

I hereby certify that, this date, a true copy of the above sentence memo was served upon the United States Attorney's Office, One Courthouse Way, Boston, MA 02210, by email and electronic notice.

*/s/ CLMALCOLM*
_____
Christopher L. Malcolm

Date: ___9/12___, 2022